

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RECEIVED
2016 SEP 19 PM 5:44
CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| REBECCA A. KERLIN, WILLIAM B. SHIPLEY, MICHELLE GALE, KATHERINE WUTHRICH, and CLAIRE TOBIN, Individually, and NINA MARIE, Individually and On Behalf of All Similarly Situated Persons, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CHICAGO BOARD OF ELECTIONS, and JAMES M. SCANLON, Individually and as General Counsel of The CHICAGO BOARD OF ELECTIONS, | ) ) ) ) ) |
| Defendants. | ) |

Case No. 1:16cv07424

Judge John Robert Blakey

Magistrate Judge Mary M. Rowland

FILED

SEP 19 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants, Chicago Board of Election Commissioners (the "Board") and James M. Scanlon ("Scanlon"), by their attorney, Terrence M. Burns of Dykema Gossett PLLC, pursuant to Fed. R. Civ. P. 12(b)(6), for their motion to dismiss Plaintiffs' Complaint ("Complaint") for failure to state a claim upon which relief can be granted, state as follows:

### INTRODUCTION

Plaintiffs' claims against Defendants for violation of the right to vote (Count I), violation of freedom of association and to petition the government (Count II), and declaratory judgment and injunctive relief (Count III) are without merit and should be dismissed.

Plaintiffs, a group of election monitors and a single voter purporting to represent a class, filed this suit alleging violations of their civil rights under 42 U.S.C. §1983 based on the alleged failure to follow Illinois law requirements during a post-election audit. Section 1983 provides that no state shall deprive any citizen of any right, privilege, or immunity under the U.S. Constitution. Plaintiffs' allegations, however, do not arise from a violation of Plaintiffs'

constitutional rights. Rather, Plaintiffs' allegations are based on alleged irregularities during the post-election audit process conducted pursuant to Illinois state law. Plaintiffs, therefore, do not state a claim for the violation of any constitutional right under 42 U.S.C. §1983. Their complaint should be dismissed for this fundamental reason, in addition to the several other independent reasons discussed below.

## BACKGROUND

Illinois election law requires an audit process that includes a 5% retabulation procedure (the "audit" or "5% audit"). 10 ILCS 5/24B-15 and 5/24C-15. The 5% audit includes a retabulation of the total votes cast in 5% of the voting precincts, including votes cast on optical scanner devices and on touchscreen devices, as well as 5% of the touchscreen devices used in early voting. 10 ILCS 5/24C-15. According to Plaintiffs' allegations, irregularities occurred during the post-election audit of the touchscreen devices and equipment following the March 15, 2016 Illinois Primary Election. There is no allegation that any Plaintiff was denied the opportunity to vote or that the vote of any particular Plaintiff was not counted.

The audit counts the ballots that were originally counted on election night. 10 ILCS 5/24B-15, 5/24C-15. The allegations in the complaint focus on the audit of votes cast on touchscreen voting devices. The certificate of results created by the touchscreen devices and equipment is compared with a count of the votes based on the permanent paper record printed by the machine when each vote is cast. 10 ILCS 5/24C-15. The votes may be counted by hand or an automated tabulation machine. 10 ILCS 5/24C-15. This particular count was performed by hand. (Complaint, ¶ 20). In the event an error is detected and cannot be corrected, Illinois law requires the election authority to prepare a report explaining the results and errors. 10 ILCS 5/24C-15. The report is forwarded to the appropriate canvassing board, and the report is made available to the public. 10 ILCS 5/24C-15.

Plaintiffs allege that during the 5% audit at issue, errors were detected. (Complaint, ¶¶ 22, 30). Plaintiffs' allegations go on to accuse Board employees of failing to correct the errors or prepare a report explaining the errors. (Complaint, ¶¶ 23, 31). Plaintiffs' allegations state that Board employees failed to count or tabulate numerous votes and/or alter the tabulated vote count at the post-election audit and that these failures deprived voters of their right to vote. (Complaint, ¶¶ 22-23, 30-31, 33). Plaintiffs further allege that Plaintiffs were denied protection ensuring their votes were tabulated under 10 ILCS 5/24-1. (Complaint, ¶ 34).

Illinois election law allows any candidate receiving votes equal to at least 95% of the number of votes cast for any successful candidate to petition for a discovery recount within five days after the last day of the proclamation of the results. 10 ILCS 5/22-9.1. Also, an action can be filed in circuit court contesting the election results. 10 ILCS 5/7-73; 10 ILCS 5/23-1.2a; 10 ILCS 5/23-13. A recount is not guaranteed, but a court may hold a hearing on the petition to determine the necessity of a recount. 10 ILCS 5/7-63; 10 ILCS 5/23-1.7a; 10 ILCS 5/23-1.8a; 10 ILCS 5/23-23. There was no petition for recount filed in connection with the March 15, 2016 Illinois Primary Election or action filed in the Circuit Court. Instead, Plaintiffs filed this lawsuit.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if the challenged complaint fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). To survive a Rule 12(b)(6) motion to dismiss, the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" (*see* Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice" of what the "claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). Bare assertions amounting to nothing more than "labels and

3

conclusions" or a "formulaic recitation of the elements" of a constitutional claim are conclusory and not entitled to be assumed true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Twombly*, 550 U.S. at 554-55. To survive dismissal, a complaint must assert sufficient facts to state a claim that is "plausible on its face;" the plausibility standard requires "more than a sheer possibility" that a defendant has acted improperly. *Id.*, *quoting Twombly*, 550 U.S. at 557.

## ARGUMENT

To state a claim under 42 U.S.C. §1983, Plaintiffs' claim must show 1) Plaintiffs were deprived of a constitutionally protected interest and 2) the deprivation was caused by an official policy, custom, or usage of the governmental body. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1982); *Kasper v. Board of Education Commissioner of City of Chicago*, 814 F.2d 332, 342 (7th Cir. 1987). Plaintiffs have not alleged and cannot meet these basic elements.

**A.** **Count I Fails to State a Cause of Action Under Section 1983**

    1.    Plaintiffs' Allegations under State Law Fail to Allege Deprivation of a Constitutional Right

Plaintiff Marie as the putative class representative alleges that Defendants' failure to comply with 10 ILCS 5/24-1 deprived her and other voters of their liberty interest in voting. (Complaint, ¶ 37). However, Plaintiffs' allegations that Defendants' did not follow Illinois election law procedure regarding the post-election audit fails to state a claim upon which relief can be granted.

Specifically, there is no plausible allegation in the Complaint of the deprivation of a constitutionally protected interest. Violation of a state law does not state a claim under 42 U.S.C. §1983. *Kasper*, 814 F.2d 342. Even a deliberate violation of state election laws does not constitute a Constitutional violation. *Id.* (citing *Snowden v. Hughes*, 321 U.S. 1, 11 (1944)). The

4

Seventh Circuit has repeatedly rejected such contentions that the district courts have any supervisory powers or authority to instruct a government entity how to obey state law. *Id.*

Plaintiffs' allegations focus on the alleged failure of Board employees to follow the requirements of Illinois election law for conducting a post-election audit. (Complaint, ¶¶ 22-23, 30-31, 33). Plaintiffs allege a failure to follow proper procedure and report an alleged discrepancy between the paper record and the votes counted during the audit. (Complaint, ¶¶ 22-23, 30-31, 33). At best, Plaintiffs allege the Board conducted an improper audit under state law. There is no plausible allegation that Plaintiff Marie's right to vote was violated. In fact, there is not even an allegation that her vote was not counted. It is an impermissible speculative leap to contend plaintiff Marie's right to vote was violated based on the post-election audit, even if there were irregularities in the audit. *Kasper*, 814 F.2d 342. Plaintiff Marie's individual claim should therefore be dismissed. Since the claims of Ms. Marie as the named representative of the putative class fail under 42 U.S.C. §1983, the claims of the putative class must be dismissed as well. *Jones v. Burge*, 2012 WL 2192272 at *21 (N.D. Ill. June 13, 2012) (citing *Foster v. Center Township of LaPorte County*, 798 F.2d. 237, 244 (7th Cir. 1986)).

2. <u>Plaintiffs Have Failed to Properly Allege Willful Interference with the Election Process</u>

To plead that the deprivation of a Constitutional right was caused by official policy, custom, or usage, the Plaintiffs must show 1) there was willful interference with the election process and 2) the municipality itself is at fault. *Fredrickson v. Village of Willow Springs*, 2008 U.S. Dist. LEXIS 59226, *5, 2008 WL 3008822 (N.D. Ill. 2008); *Graham v. Reid*, 779 N.E.2d 391, 396 (Ill. App. 2002). Plaintiffs allege in Count I that during the audit Board employees failed to count or tabulate votes and/or altered the final tabulated vote count. However, Plaintiffs

fail to properly allege willful interference with the election process or the existence of a policy, custom or usage that caused the alleged deprivation of the right to vote.

In order to state a claim, Plaintiffs must allege that Defendants willfully interfered with the election process. *Bodine v. Elkhart County Election Board*, 788 F.2d 1270, 1272 (7th Cir. 1986); *Kozusek v. Brewer*, 546 F.3d 485, 488 (7th Cir. 2008). In this context, willful means having the intent to undermine the election process or impair citizens' right to vote. *Kozusek*, 546 F.3d at 488 (citing *Kasper*, 814 F.2d at 343); *Parra v. Neal*, 614 F.3d 635, 637 (7th Cir. 2010) (citing *Kozusek*, 546 F.3d at 488; *Kasper*, 814 F.2d at 343). Election irregularities are insufficient to meet that standard. *Bodine*, 788 F.2d at 1272 (alleged refusal to test electronic voting system, count votes, or certify results were insufficient to allege willful interference); *Graham v. Reid*, 334 IL App. (3d) 1017, 1025, 779 N.E.2d 391, 397 (Ill. App. Ct. 2002) (allegation showing at most inference that voters may not have had votes counted due to negligence, inadvertence, or mistake was insufficient to allege willful interference). Because Plaintiffs' allegations amount to post-election audit irregularities only, they cannot meet the element for municipal liability (even if they had alleged a Constitutional violation, which they have not) for willful interference with the election process under the cited case law.

3. Plaintiffs Have Failed to Sufficiently Allege that the Board is at Fault

The Complaint should also be dismissed because the Complaint fails to meet the elements of a claim against a municipality under *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658 (1978), and its progeny. The first step plaintiff must take in a *Monell* claim is to establish that he suffered a constitutional injury. *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994). As explained above, plaintiffs have failed to establish such a constitutional injury in this case.

6

Plaintiff then must establish that the constitutional deprivation was undertaken pursuant to an official policy of the municipality. *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986). Next, plaintiff must establish the requisite degree of culpability on the Board's part -- namely, that the alleged municipal practices were engaged in "with 'deliberate indifference' as to [their] known or obvious consequences." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 407 (1997) (hereinafter, "*Bryan County*"); *see also City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Finally, the plaintiff must demonstrate the existence of a direct causal link between the municipal policy and the constitutional injury. *City of Canton*, 489 U.S. at 385; *Bryan County*, 520 U.S. at 404.

Plaintiffs allege that the Board employees were acting outside of Illinois law and policy, which the Board is required to follow. (Complaint, ¶¶ 16, 30-31). As a result, it appears Plaintiffs are attempting to allege the existence of a "policy" based on the Board's alleged knowledge of a "widespread and pervasive" practice of Board employees. (Complaint, ¶ 24, 32). Proof of a pattern of misconduct to establish a widespread practice requires multiple prior incidents before it can be actionable under *Monell*; a single incident is insufficient. *Connick v. Thompson*, 131 S. Ct. 1350 (2011); *Jenkins v. Bartlett*, 487 F.3d 482, 492-93 (7th Cir. 2007) (four incidents in a five-year span insufficient); *Grieveson v. Anderson*, 538 F.3d 763, 773 (7th Cir. 2008) (four alleged instances did not point to a widespread practice). Plaintiffs allege only one improper audit, and offer no specific allegation that the alleged irregularities occurred on any other occasion.[1] Count I of the Complaint should be dismissed because plaintiffs have not

---

[1] Plaintiff's conjecture in paragraph 32 that the irregularities "may be part and parcel of a broader trend of inconsistencies in "official" results generated by Direct Recording Electronic Voting Systems," are far too speculative to plausibly establish a widespread practice.

sufficiently alleged a widespread practice of the Board caused a violation of their constitutional rights.

To the extent Plaintiffs are seeking to hold the Board liable for the actions of a single person, Plaintiffs have failed there as well. In the absence of a widespread practice, a municipality is liable under Section 1983 only when one can fairly ascribe the wrong to a final policy maker. *Vodak v. City of Chicago*, 639 F.3d 738, 748 (7th Cir. 2010). A final policy maker is one who is "at the apex of authority for the action in question." *Vodak v. City of Chicago*, 639 F.3d 738, 748 (7th Cir. 2010). An employee who is required to act in conformity with ordinances and/or rules issued by a government body does not have the requisite authority to make policy. *Id* at 749, *citing Auriemma v. Rice*, 957 F.2d 397, 400 (7th Cir. 1992). In this case, the Board itself would be the final policy maker and the Board employees would be required to follow the policies of the Board. *Vodak v. City of Chicago*, 639 F.3d 738, 748 (7th Cir. 2010).

Plaintiffs fail to sufficiently allege that the Board was at fault for the alleged audit irregularities. Plaintiffs make allegations regarding the conduct of non-decision making Board employees during the audit (Complaint, ¶¶ 20-27, 29-37), but Plaintiffs do not allege an official Board policy caused the alleged deprivation. Nor do Plaintiffs allege a policy making employee of the Board caused the irregularities. To the extent Plaintiffs are implying Mr. Scanlon is the final policy maker of the Board, they are mistaken. Even if they alleged a violation of their constitutional right to vote (which they have not), Scanlon as General Counsel is not a policy maker for the Board under the case law or plaintiff's allegations, and plaintiffs have otherwise failed to allege a final policymaker caused any constitutional deprivation. Count I of the Complaint should be dismissed for this reason as well.

**B.**     **Count II Fails to Allege the Violation of a Constitutionally Protected Right**

As in Count I, Plaintiffs' alleged violations of freedom of association and to petition in Count II are impermissibly based on Illinois election law. Plaintiffs allege that as credentialed election observers, Illinois law granted them the right to observe and monitor audits of voting machines conducted by the Board. (Complaint, ¶ 17, 39). Plaintiffs allege that Board employees committed various acts preventing Plaintiffs from exercising those state rights and, thus, violated Plaintiffs' freedom to associate and petition the Board under the First and Fourteenth amendments of the U.S. Constitution. (Complaint, ¶ 40, 43). As discussed above, violation of state law cannot state a claim under 42 U.S.C. §1983. *Kasper, supra.*

In particular, Plaintiffs' allegations in Count II focus on their right to be present at the audit under Illinois election law. 10 ILCS 5/24C-15. Plaintiffs allege that several Plaintiffs received credentials under the aforementioned statute granting them the right to observe the 5% audit of the election voting machines. Plaintiffs further allege that Board employees took actions preventing Plaintiffs from associating or petitioning the Board in violation of the rights imparted to them by Illinois law as credentialed election observers. While Plaintiffs attempt to allege that the cumulative effect of the Board employees' actions denied Plaintiffs right to associate with other individuals and to petition the Board with respect to the alleged discrepancies, these rights were based on the credentials received under the Illinois statute. Otherwise, Plaintiffs had no right to attend, be present at, or associate at the audit. In other words, Plaintiffs did not have any rights to associate at the audit or petition the Board beyond those alleged to arise under Illinois election law.  Thus, under well-established Supreme Court and Seventh Circuit precedent, the

allegations of Count II of the Complaint fail to state a claim upon which relief can be granted and require dismissal.[2]

### C. Count III Fails for the Same Reasons the Underlying Claims Fail

Count III requests equitable relief and declaratory judgment against Defendants for violation of the Illinois audit statute. Upon the dismissal of Counts I and II, there no longer remains "an actual case or controversy" needed to establish Plaintiffs' standing to seek such equitable relief or declaratory judgment. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (claim for injunctive relief requires an "actual case or controversy" exist); *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980) ("federal courts may issue declaratory judgment only in cases of 'actual controversy.'"). Thus, Count III should be dismissed as well.

As an independent grounds for dismissal, Count III suffers from insufficient pleading deficiencies to the extent it requests equitable relief. A claim for injunctive relief must be supported by the following allegations: (1) no adequate remedy at law exists; (2) the moving party will suffer irreparable harm absent injunctive relief; (3) the irreparable harm suffered absent injunctive relief outweighs the irreparable harm to the respondent if the injunction is granted; (4) the moving party has a reasonable likelihood of prevailing on the merits; and (5) injunctive relief will not harm the public interest. *See Daniels v. Southfort*, 6 F.3d 482, 485 (7th Cir. 1993).

Plaintiffs' claim is deficient on the required elements to receive injunctive relief. Nowhere in the complaint do Plaintiffs allege the irreparable harm suffered absent injunctive relief outweighs the irreparable harm to respondent if the injunction is granted. Nowhere in the complaint do Plaintiffs establish there is a reasonable likelihood of success on the merits of their

---

[2] Although it does not appear Plaintiffs are attempting to state a *Monell* claim in Count II, to the extent they are, any such *Monell* claim should be dismissed for the reasons discussed above with respect to Count I.

complaint. Nowhere in the complaint do Plaintiffs allege that injunctive relief will not harm the public interest. Moreover, Plaintiffs fail to sufficiently allege an inadequate remedy at law. (*See* Complaint, ¶57(d)). Plaintiffs' failure to properly allege and establish the necessary elements to receive injunctive relief requires dismissal of Count III.

### D. The Claims Against James Scanlon Should Be Dismissed

James Scanlon, the General Counsel for the Board, was named as a defendant along with the Board. In addition to the reasons set forth above supporting dismissal of the complaint, there are several independent additional reasons to dismiss Mr. Scanlon. First, the complaint fails to adequately allege any personal involvement by Scanlon in the alleged violations of constitutional rights. Instead, the allegations appear to be asserted against Scanlon in his official capacity. Second, even assuming that Scanlon was properly sued in his individual capacity, the insufficient factual allegations fail to demonstrate Scanlon's personal involvement in the alleged constitutional violations. Finally, Scanlon is entitled to qualified immunity, because Plaintiffs failed to allege the violation of a clearly established constitutional right.

#### 1. Plaintiffs Have Sued Scanlon In His Official Capacity

The allegations against Scanlon do not sufficiently allege Scanlon was personally involved in the underlying alleged incidents. Instead, the allegations demonstrate that the claims against Scanlon are asserted against him in his official capacity as the Board's General Counsel. To the extent Scanlon is sued is his official capacity only, the claims against him should be dismissed. The sole allegation discussing Scanlon is based on his alleged instructions to the employees. (Complaint, ¶ 26). As such, the allegations against Scanlon invoke his official capacity. The Complaint lacks any other allegation that asserts that Scanlon was directly responsible for the alleged deprivation of rights. Because Scanlon is actually being sued in his official capacity, the claims against him should be dismissed as redundant to the claims against

11

the Board. *Schmidling v. City of Chicago*, 1 F.3d 494, 495 fn. 1 (7th Cir. 1993) (following *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Jungles v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987) ("Actually there is one defendant – the city – not two; for the complaint names the mayor in his official capacity only, which is equivalent of suing the city"); *Bruce v. South Stickney Sanitary District*, 2001 WL 968726, at *2 (N.D. Ill. 2001) (suit against sanitary district supervisor dismissed with prejudice as redundant to suit against district itself); *Williams v. City of Chicago*, 1994 WL 594674, at *4 (N.D. Ill. 1994) (suit against police superintendent in his official capacity was dismissed as redundant and unnecessary as the municipality was also being sued). Plaintiffs' Complaint speaks for itself; the real party in interest is the Board, not Scanlon. Thus, the claims against Scanlon are redundant and require dismissal.

### 2. The Allegations Against Scanlon Are Insufficient

To the extent this Court finds the allegations sufficient to invoke Scanlon's individual capacity, the complaint lacks sufficient factual allegations demonstrating his personal involvement in the alleged constitutional violations, effectively preventing him from ascertaining the basis and nature of the claims against him. While certain paragraphs allege specific acts of misconduct by Board employees, there are no such allegations against Scanlon. In particular, there are no allegations suggesting his personal involvement in denying anyone their right to vote or freedom to assemble or petition the government. An individual cannot be liable pursuant to §1983 unless he or she caused or participated in the alleged constitutional violation. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

Scanlon is only referenced twice in the entire Complaint. The first is in the introductory allegation identifying Scanlon as General Counsel and as a named defendant. (Complaint, ¶ 13). The second is a vague reference that Scanlon instructed the alleged response of the unidentified accused employees who were allegedly violating Illinois post-election law. (Complaint, ¶ 26).

There are no pleaded facts for the Court to conclude that it is "more than a sheer possibility" that Scanlon acted improperly. *Ashcroft v. Iqbal*, 556 U.S. 662, *supra* (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 554-55 (2007). A complaint must set forth "a short plain statement of the claim showing that the pleader is entitled to relief", such that the defendant is given "fair notice" of what the ""claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Twombly, supra*. With respect to Scanlon, Plaintiffs fail to comply with this minimal pleading standard.

The Court and Scanlon are left to speculate as to exactly what was his alleged involvement. There is no allegation that he personally failed to count the Plaintiffs' votes during the audit or directed Board employees not to count the Plaintiffs' votes. There is no allegation that Scanlon prevented Plaintiffs from assembling at the audit or petitioning the Board about Plaintiffs' concerns. There is not even an allegation that Scanlon was aware of any failure to count votes. The Complaint is completely devoid of any allegation that Scanlon was personally involved in any alleged constitutional violation, or any violation for that matter.

Plaintiffs' failure to assert any factual allegations setting forth any personal involvement in the alleged violations of constitutional rights by Scanlon warrants his dismissal from this action.

### 3.    Scanlon Is Entitled to Qualified Immunity

Scanlon should also be dismissed from this action because he is entitled to qualified immunity. "'The qualified immunity defense requires [the courts] to consider only two limited questions at [the motion to dismiss stage]: first, whether plaintiff has alleged a violation of his constitutional rights, and second, whether the violation was clearly established in the law at the time of the defendant's conduct.'" *Chatman v. City of Chicago*, No. 1:14-cv-02945 (N.D. Ill. filed Sept. 12, 2016) (quoting *Armstrong v. Daily*, 786 F.3d 529, 537 (7th Cir. 2015). To show a

clearly established right exists under the law, the courts first look to controlling precedent from the Supreme Court and Seventh Circuit. *Chatman v. City of Chicago*, No. 1:14-cv-02945 (N.D. Ill. filed Sept. 12, 2016) (quoting *Abbott v. Sangamon City, Ill.,* 705 F.3d 706, 731 (7th Cir. 2013). If no controlling precedent exists, the courts will look to clear trends in case law or whether an official was on notice that their conduct violates established law. *Id* (also quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

Here, both prongs of the test indicate that Scanlon is entitled to qualified immunity in this case. As discussed above, Plaintiffs' claims rely on alleged violations of state law during a post-election audit, which fails to allege the violation of a constitutional right. Second, the alleged conduct would not have constituted a violation of an established constitutional right at the time of the conduct. There is no controlling precedent of the Supreme Court or Seventh Circuit, no clear trend in case law, or knowing violation of an established constitutional right based on the attendance at an allegedly improperly conducted post-election audit. Plaintiffs failed to allege that Scanlon was involved in the violation of any clearly established constitutional rights. Thus, Scanlon is entitled to qualified immunity and the claims against him require dismissal.

WHEREFORE, Defendants Chicago Board of Election Commissioners and James M. Scanlon respectfully request this Court enter an order dismissing the Complaint with prejudice, for costs, and for any other relief this Court deems appropriate.

Respectfully submitted,

One of the Attorneys for Defendants,
CHICAGO BOARD OF ELECTION
COMMISSIONERS and JAMES M. SCANLON

Terrence M. Burns
Daniel M. Noland
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 876-1700

## **CERTIFICATE OF SERVICE**

I hereby certify that on **September 19, 2016**, I filed the foregoing **Defendants' Motion to Dismiss Plaintiffs' Complaint** with the Clerk of the Court. A copy of the filing was sent via email on the same day to:

Gregory E. Kulis
Joshua S. Patrick
Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street, Suite 2140
Chicago, IL 60602
312-580-1830
gkulis@kulislawltd.com

16